# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2865 | **DATE** | 7/12/2013 |
| **CASE TITLE** | Gardner vs. Kappa Alpha Psi Fraternity | | |

**DOCKET ENTRY TEXT**

Therefore, for the reasons set forth above, Gardner's Motion to Proceed *In Forma Pauperis* [4] is denied and his complaint is dismissed.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Michael Gardner ("Gardner") moves to proceed *in forma pauperis* without the full prepayment of filing fees. For the reasons stated below, Gardner's Motion to Proceed *In Forma Pauperis* is denied, his complaint is dismissed.

Gardner's Complaint alleges that Defendants Kappa Alpha Psi ("Kappa") and Michael Owens defamed him by stating, both orally and in written statements online, that Gardner was an exiled member of Kappa. Gardner alleges that Kappa terminated his membership in the fraternity without the organization's due process after Gardner investigated hazing allegations and financial mismanagement of Kappa. As a result, Gardner alleges that his reputation was tarnished within the Greek community.

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Gardner to proceed *in forma pauperis* if he is unable to pay the mandated court fees. Gardner need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, he is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent him from providing for life's necessities. *See Id.* According to his financial affidavit, Gardner is not currently employed and has not been employed since March 2012. Further, Gardner does not own real estate or any additional items of personal property worth over $1,000, nor does he have more than $200 in cash in a checking or savings account. Gardner earns $1400 per month through public assistance and lives with his sons, Ansar and Yolani and his daughter, Anset. According to his financial affidavit, all three individuals, in addition to his niece and ailing mother, depend on Gardner for support. Based on these facts, Gardner's financial affidavit sets forth his inability to pay the mandated court fees.

The Court, however, must look beyond Gardner's financial status. Section 1915 requires the Court to review an action of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is

frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant immune from such relief. *See* 28 U.S. C. § 1915(e)(2)(B)(i)-(iii). *See also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003).

When evaluating whether a plaintiff has stated a claim in the context of an application for leave to proceed *in forma pauperis*, the court applies the same standard as that for a motion to dismiss under Rule 12(b)(6). *See, e.g., Allen v. JP Morgan Chase*, 2010 WL 1325321 at *1 (N.D. Ill. 2010) (citing *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000)). When considering a Rule 12(b)(6) motion, the Court treats all well-pleaded allegations as true and draws all inferences in favor of the non-moving party. *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009). To properly state a valid claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). *See also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To determine whether a complaint meets this standard the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. If the factual allegations are well-pleaded, the Court assumes their veracity and then turns to determine whether they plausibly give rise to an entitlement to relief. *See Id.* A claim has facial plausibility when its factual content allows the Court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *See Id.* at 678. However, "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Gardner brings claims for: (1) alleged constitutional violations of the First, Fourth and Fourteenth Amendments; and (2) defamation under Illinois state law. The constitutional claims fail as a matter of law because the Defendants are private actors, not state or federal actors. The Bill of Rights protects individuals only against federal government intrusion, not against private individuals' or entities' actions. *Katz v. United States*, 389 U.S. 347, 350 (1967). Therefore, to state a claim for relief under § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. Of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). A person acting under color of law is usually a government official. *See London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010). The only exception to this rule arises when a private company or private individual may also be deemed to have acted under color of state law where it acted in concert with a state actor. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 823 (7th Cir. 2009). The Complaint in this case does not allege a plausible claim that Defendants Kappa and Owens acted under color of state law as required for a § 1983 claim. Kappa, a private incorporated fraternity, is not a government entity and Owens, an employee of Kappa, is not a state official. Moreover, Gardner does not allege, nor can it be plausibly inferred from the Complaint, that Kappa or Owens conspired with a state actor to deprive him of his constitutional rights. Rather, it appears that Kappa and Owens were acting entirely alone. Therefore, these claims fail as a matter of law must be dismissed with prejudice.

Gardner has also failed to state an actionable defamation claim at this time. Illinois law defines defamation to be "the publication of a false statement that 'tends to harm a person's reputation to the extent that it lowers that person in the eyes of the community or deters others from associating with that person.'" *Lott v. Levitt,* 556 F.3d 564, 568 (7th Cir. 2009) (quoting *Tuite v. Corbitt,* 866 N.E.2d 114, 121 (Ill. 2006)). Claims of defamation are subject to specific pleading requirements. While, the Seventh

| STATEMENT |
|---|

Circuit has not spoken as to the exact pleading standard for claims of defamation, some courts have required plaintiffs to specifically state the words alleged to be actionable. *See, e.g., Woodard v. American Family Mut. Ins. Co.,* 950 F. Supp. 1382, 1388 (N.D. Ill. 1997); *Seaphus v. Lilly,* 691 F. 127, 134 (N.D. Ill. 1988). However, the alleged defamatory statements need not be alleged verbatim. *See, e.g., Flentye v. Kathrein,* 485 F. Supp. 2d 903, 919 (N.D. Ill. 2007); *Chisholm v. Foothill Capital Corp.,* 940 F. Supp. 1273, 1284 (N.D. Ill. 1996). The rationale behind this pleading requirement is that "general knowledge of the exact language used is necessary to form responsive pleadings." *Chisholm,* 940 F. Supp. at 1284 (citing *Vantassell-Matin v. Nelson,* 741 F. Supp. 698, 708 (N.D. Ill. 1990). Thus, "an allegation is sufficiently specific if it allows the defendant to understand the nature of the claim and form a responsive pleading." *Wilton Partners III LLC v. Gallagher,* No. 03 C 1519, 2003 U.S. Dist. LEXIS 21899, at *16 (N.D. Ill. Dec. 2, 2003) (citing *Socorro v. IMI Data Search, Inc.,* No. 02 C 8120, 2003 U.S. Dist. LEXIS 7400 (N.D. Ill. April 28, 2003)).

Here, Gardner fails to allege the defamatory statements with the requisite specificity. It should be noted that Gardner's complaint is difficult to parse and contains many of the hallmarks of the documents that are filed with increasing regularity in this Court by so called "sovereign citizens." However, it appears that Gardner believes the Defendants defamed him when they stated that he had been exiled from the fraternity. He fails to allege how the Defendants allegedly defamed Gardner with this statement. Indeed, the complaint effectively concedes that Gardner was exiled from Kappa Alpha so any statements to that effect would be true. Therefore, Gardner's defamation claim is also dismissed.

Finally, and more signigicanlty, Gardner failes to allege facts that would provide this Court with subject matter jurisdiction over this action. The complaint sufficiently alleges the diversity of the parties; however, it is unclear whether Title 28 U.S.C. § 1332's $75,000 amount-in-controversy requirement can be established. While damages for a defamation *per se* claim are presumed, a plaintiff is required to plead specific facts demonstrating damages on a defamation *per quod* claim. *See Lott,* 556 F.3d at 570. Moreover, the fact that "damages are presumed for a properly pled defamation *per se* claim, says nothing about whether damages exist in an amount that would satisfy the amount-in-controversy threshold." *Keen v. Bluestar Energy Services, Inc.,* No. 11 C 7754, 2012 U.S. Dist. LEXIS 56054, at *14 (N.D. Ill. Mar. 30, 2012). Therefore, without facts that allege the requisite amount in controversy, Gardner fails to show that this court has jurisdiction over his claim.

Finally, Gardner also requested counsel however he made no showing of trying to obtain counsel on his own. When reviewing a request under 28 U.S.C. § 1915(e)(1) for pro bono counsel, the Court must inquire whether: (1) the indigent plaintiff made a reasonable attempt to obtain counsel "or was effectively precluded from doing so" and (2) considering the difficult of the case, "does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (citing *Famer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993). Gardner failed to demonstrate that he reasonably attempted to obtain counsel or that he was barred from doing so.

Therefore, for the reasons set forth above, Gardner's Motion to Proceed *In Forma Pauperis* is denied and his complaint is dismissed.